IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ANTHONY ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEYL TRUCK LINES, INC., a Foreign Profit Corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:24-cv-05546<br><br>DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP)<br><br>(PIERCE COUNTY SUPERIOR COURT CASE NO. 24-2-08570-5) |

TO:        THE CLERK OF THE COURT

AND TO:    ANTHONY ROGERS, Plaintiff, by and through his counsel of record, Craig J. Ackermann, Brian Denlinger, and Avi Kreitenberg, Ackermann & Tilajef, P.C.

Defendant Heyl Truck Lines, Inc., hereby removes this civil action to this Court from the Superior Court of Washington in and for the County of Pierce pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiff's Summons and Complaint are captioned in the Superior Court of Washington in and for the County of Pierce.

The grounds for removal are set forth below:

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 1
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

**PROCEDURAL BACKGROUND**

1. On June 10, 2024, Plaintiff Anthony Rogers initiated this class action against Defendant by his Complaint in Pierce County, Washington, Superior Court, styled *Anthony Rogers v. Heyl Truck Lines, Inc.*, and appearing on that court's docket as 24-2-08570-5 (hereinafter "the State Court Action"). A true copy of the Complaint in the State Court Action is attached as Exhibit A.

2. The Complaint was served on Defendant on June 13, 2024. A true copy of the Summons served on Defendant with an Affidavit of Service is attached as Exhibit B.

3. Plaintiff's Complaint asserts one cause of action, alleging that Defendant violated Washington's RCW 49.58.110 by failing to disclose in each job opening the wage scale or salary range and a general description of all benefits and other compensation being offered to the hired applicant.

**GROUNDS FOR REMOVAL**

4. Pursuant to 28 U.S.C. § 1332(a), this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States[.]" The Complaint lays out diversity jurisdiction.

5. The Complaint alleges that Plaintiff resided in Washington State at all times material to the Complaint. Ex. A, Compl. ¶3. Plaintiff is a citizen of Washington for diversity purposes.

6. The Complaint alleges that Defendant's principal place of business is in Akron, Iowa. Ex. A, Compl. ¶4.

7. Defendant is a corporation. A corporation shall be a citizen of every state in which it has been incorporated or where it has its principal place of business. The state of Iowa is where

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 2
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Defendant is incorporated and has its primary place of business. Declaration of Caitlin Heyl Muhlbauer ¶3, attached as Exhibit C.

8. Based on the citizenship of the parties, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

9. Although Plaintiff's Complaint does not allege a specific dollar amount, Plaintiff alleges that "[o]n information and belief, there are estimated to be hundreds of individuals in the Class." Ex. A, Compl. ¶16. Plaintiff is also requesting statutory damages equal to the actual damages or at least $5,000 per violation. *Id.*, ¶27. Thus, Defendant has a good faith belief that the amount in controversy exceeds $75,000. Pursuant to LCR 101(a), a reasonable person reading the Complaint would conclude that Plaintiff is seeking damages greater than the minimum jurisdictional amount of this Court. *See* Ex. A, Compl.; LCR 101(a); *see also Michels v. Geico Ins. Agency, Inc.*, Case No. 12-CV-5609-RBL, 2012 U.S. Dist. LEXIS 165111, at *6-7 (W.D. Wash. Nov. 19, 2012) (amount-in-controversy requirement satisfied where the defendant had good faith belief, based on claims asserted in complaint, that the plaintiff sought more than $75,000).

10. Plaintiff further seeks an award for all of the recoverable costs of this action, attorneys' fees, and prejudgment interest. *See* Ex. A, Compl. ¶¶27-28. The Ninth Circuit has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interests and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citation omitted). In individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, are unlikely to be immediately resolved. *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the [jurisdictional minimum].") Here, Defendant has a good faith belief that Plaintiff's attorneys' fees will exceed $75,000.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 3
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

1   11.     Therefore, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**COMPLIANCE WITH REMOVAL PROCEDURES**

12.     This Notice of Removal is being filed within 30 days after Plaintiff's Complaint was served on June 13, 2024. *See* 28 U.S.C. § 1446(b)(1).

13.     There are no other parties to the State Court Action other than Plaintiff and Defendant. Thus, the removal of the State Court Action does not require the consent of any other party.

14.     As required by 28 U.S.C. § 1446(a) and LCR 101, copies of the Complaint and Civil Case Cover Sheet are submitted herewith as separate attachments in the ECF system. There are no pending motions in the underlying State Court Action. Defendant will also file a Verification of State Court Records, as required by LCR 101(c).

15.     Following the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of removal will be given to Plaintiff through his counsel who effectuated service of the Complaint. Promptly upon the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the Superior Court of Washington in and for the County of Pierce.

**RESERVATION OF RIGHTS**

16.     This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 4
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, Defendant respectfully requests that the above action, now pending before the Superior Court of Washington in and for the County of Pierce, be removed to the United States District Court for the Western District of Washington, and that no further proceedings be had in this case in the Superior Court of Washington in and for the County of Pierce.

DATED this 9th day of July 2024.

SEBRIS BUSTO JAMES

s/ Darren A. Feider
Darren A. Feider, WSBA #22430

s/ Tina Aiken
Tina Aiken, WSBA #27792

15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
(425) 454-4233
dfeider@sbj.law
taiken@sbj.law
Attorneys for Defendant

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER
§1441(b) (DIVERSITY OF CITIZENSHIP) – 5
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005

**Certificate of Service**

I, Darren A. Feider, certify under penalty of perjury under the laws of the United States that, on July 9, 2024, I caused to be served the attached document and its associated exhibits and related documents to the individuals listed below in the manner shown:

<u>Attorneys for Plaintiff:</u>

Craig J. Ackermann, WSBA #53330
Brian Denlinger, WSBA #53177
Avi Kreitenberg, WSBA #53294
ACKERMANN & TILAJEF, P.C.
2602 North Proctor St., Suite 205
Tacoma, WA 98406
(253) 625-7720
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com

☐ By U.S. Mail
☐ By Federal Express
☐ By Facsimile
☐ By Electronic Mail
☒ By E-service

s/ Darren A. Feider
Darren A. Feider

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER §1441(b) (DIVERSITY OF CITIZENSHIP) – 6
*Rogers v. Heyl Truck Lines, Inc.*, Case No. 2:24-cv-05546

SEBRIS BUSTO JAMES
15375 SE 30th Pl., STE 310
Bellevue, Washington 98007
Tel: (425) 454-4233 – Fax:(425) 453-9005